UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

EUGENE CUDNOHOSKI
2511 Valiant Lane
Green Bay, Wisconsin 54304

   Plaintiff,        Case No.: 18-cv-1704

  v.            **JURY TRIAL DEMANDED**

QUAD OPTICAL SERVICES LLC
N3514 Willow Road
Pulaski, Wisconsin 54162

   Defendant.

---

## COMPLAINT

---

COMES NOW Plaintff, Eugene Cudnohoski, by his counsel, Walcheske & Luzi, LLC, as and for a claim against Defendant, alleges and shows to the Court as follows:

### JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et. seq.* ("FLSA").

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws ("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant resides and/or operates its business in the Eastern District of Wisconsin and many of the unlawful employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin.

**PARTIES AND COVERAGE**

4. Plaintiff, Eugene Cudnohoski, is an adult male resident of the State of Wisconsin with a post office address of 2511 Valiant Lane, Green Bay, Wisconsin 54304.

5. Defendant Quad Optical Services, LLC, was, at all material times herein, a commercial entity with a principal address of N3514 Willow Road, Pulaski, Wisconsin, 54162.

6. Defendant provides fiber-optic, micro-trenching, emergency cable restoration services to its customers and third-parties.

7. During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

8. During the relevant time periods as stated herein, Defendant employed more than twenty (20) employees.

9. During the relevant time periods as stated herein, Defendant's annual dollar volume of sales or business exceeded $500,000.

10. During the relevant time periods as stated herein, Defendant was an "employer" as that term is defined under the FLSA and WWPCL.

11. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendant as these terms are defined under the FLSA and the WWPCL.

12. During relevant time periods as stated herein, Plaintiff was engaged in commerce or in the production of goods for commerce.

## GENERAL ALLEGATIONS

13. In approximately August 2018, Defendant hired Plaintiff into the position of Construction Drop Manager.

14. Prior to the commencement of Plaintiff's employment with Defendant, Wyatt Wisnefske, Defendant's Owner, informed Plaintiff that Defendant would compensate Plaintiff with an annual salary of $58,500.00 in his position of Construction Drop Manager, plus a per diem of $25.00 per work day.

15. During the entirety of Plaintiff's employment with Defendant, Plaintiff performed compensable work in the position of Construction Drop Manager.

16. During Plaintiff's employment with Defendant, Plaintiff reported directly to Chad Zeer and Mary Suckrow, Managers, who reported directly to Wisnefske.

17. On or about October 5, 2018, Plaintiff's employment with Defendant ended.

18. During the entirety of Plaintiff's employment with Defendant, Defendant compensated Plaintiff on a salary basis.

19. During Plaintiff's employment with Defendant, Defendant's compensation classification of Plaintiff was "exempt" for purposes of the FLSA and the WWPCL.

20. During Plaintiff's employment with Defendant, Plaintiff performed compensable work on behalf of Defendant and at the direction of Defendant and/or with Defendant's knowledge at locations in Pulaski, Wisconsin and in or around Hudson, Wisconsin.

21. On a weekly basis and on behalf of Defendant, at the direction of Defendant, and/or with Defendant's knowledge, Plaintiff drove from Defendant's Pulaski, Wisconsin location to its satellite office in Hudson, Wisconsin.

22. During Plaintiff's employment with Defendant in his position as Construction Drop Manager, Plaintiff's usual and customary days of work were Mondays through Fridays and occasionally on weekends.

23. During each workweek during Plaintiff's employment with Defendant in his position as Construction Drop Manager, Plaintiff primarily performed "non-exempt" duties for purposes of the FLSA and the WWPCL.

24. During the entirety of Plaintiff's employment with Defendant in his position of Construction Drop Manager, Plaintiff's primary job duty was performing manual labor.

25. During Plaintiff's employment with Defendant in his position of Construction Drop Manager, Plaintiff's job duties included: physically driving himself and other employees from Defendant's Pulaski, Wisconsin location to Defendant's satellite location in Hudson, Wisconsin; physically driving to various geographical sites in or around Hudson, Wisconsin and physically checking sequential numbers on micro ducts at said locations; manually recording the information from the micro ducts on a yellow note pad and transferring the information obtained onto an Excel spreadsheet; physically driving to various "nodes" in or around Hudson, Wisconsin and identifying and observing job sites that required completion; manually recording the condition of the geographical property and any items needed to be completed; physically drawing white lines and placing white flags for the benefit of utility companies ("White Lining") on or at geographical properties; physically assisting in-house crews with various work-related tasks, such as running errands local department stores to purchase items such as spare tires and

grass seed and delivering items to appropriate job sites or locations; and driving himself and other employees back from Hudson, Wisconsin to Defendant's Pulaski, Wisconsin location.

26. During the entirety of Plaintiff's employment with Defendant in his position of Construction Drop Manager, Plaintiff spent the vast majority of his hours worked each workweek performing manual labor and the tasks identified in the aforementioned paragraph.

27. During Plaintiff's employment with Defendant in his position of Construction Drop Manager and on a daily basis, Plaintiff primarily performed his job duties outside, off-site, and away from Defendant's central location in Hudson, Wisconsin.

28. During Plaintiff's employment with Defendant in his position of Construction Drop Manager and on a daily basis, Plaintiff did not perform his job duties in an office setting.

29. During Plaintiff's employment with Defendant in his position of Warehouse Manager, Plaintiff did not customarily and regularly direct the work of at least two of Defendant's employees.

30. During Plaintiff's employment with Defendant in his position of Construction Drop Manager, Plaintiff did not have the authority or ability to hire, terminate, suspend, demote, or promote Defendant's employees or to establish the terms and conditions of employment of Defendant's employees.

31. During Plaintiff's employment with Defendant in his position of Construction Drop Manager, Plaintiff did not customarily and regularly exercise discretion or independent judgment in the performance of his job duties.

32. During Plaintiff's employment with Defendant in his position of Construction Drop Manager, Plaintiff's primary job duties did not directly relate to Defendant's management or general business operations.

33. During Plaintiff's employment with Defendant in his position of Construction Drop Manager, Plaintiff did not, in the performance of his job duties, compare or evaluate possible courses of conduct and did not act or make decisions regarding matters of significance after considering various possibilities.

34. During Plaintiff's employment with Defendant in his position of Construction Drop Manager, Plaintiff did not, in the performance of his job duties, have authority to make an independent choice, free from immediate direction or supervision, or to waive or deviate from Defendant's established policies and/or procedures without Defendant's prior approval.

35. During Plaintiff's employment with Defendant in his position of Construction Drop Manager, Plaintiff's job duties did not require advanced knowledge, prolonged or specialized intellectual instruction, or invention, imagination, originality, or talent.

36. During Plaintiff's employment with Defendant in his position of Construction Drop Manager, Plaintiff regularly and consistently worked in excess of forty (40) hours per workweek.

37. During Plaintiff's employment with Defendant in his position of Construction Drop Manager, Plaintiff consistently worked in excess of forty (40) hours per workweek on behalf of Defendant and at the direction of Defendant and/or with Defendant's knowledge.

38. During Plaintiff's employment in his position of Construction Drop Manager, Plaintiff regularly and consistently worked approximately fifty (50) to seventy (70) hours per workweek.

39. During Plaintiff's employment with Defendant in his position of Construction Drop Manager, Plaintiff's co-workers and Defendant's management personnel witnessed the times he physically left from and returned to Defendant's satellite location in Hudson, Wisconsin.

40. During Plaintiff's employment with Defendant, Defendant's workweek for FLSA and WWPCL purposes was Monday through Sunday.

41. Despite agreeing to compensate Plaintiff with an annual salary of $58,500.00 during Plaintiff's employment with Defendant, Defendant actually compensated Plaintiff with an annual salary of $55,000.00.

42. Despite agreeing to compensate Plaintiff with a per diem of $25.00 per work day during Plaintiff's employment with Defendant, Defendant did not compensate Plaintiff with per diem on any work day.

43. During Plaintiff's employment with Defendant, Defendant suffered or permitted Plaintiff to work without appropriately and lawfully compensating him at an overtime rate of pay for all hours worked in excess of forty (40) hours in a workweek.

44. During Plaintiff's employment with Defendant, Plaintiff's paychecks did not properly or lawfully compensate him for all hours worked in a workweek, including at an overtime rate of pay for those hours worked in excess of forty (40) hours in a workweek.

45. Defendant knew or should have known that Plaintiff must be compensated with overtime pay at a rate of time and one half for all hours worked (and for all hours Defendant suffered or permitted him to work) in excess of forty (40) hours in a workweek in accordance with the FLSA and WWPCL.

46. Defendant had a statutory duty to comply with the FLSA and to remedy FLSA violations of which it was aware and/or of which it should have been aware.

47. Defendant owes Plaintiff earned and unpaid wages, including at an overtime rate of pay, for work performed during his employment with it for which he was not properly and lawfully compensated, plus an equal amount for liquidated damages, in an amount to be determined.

## FIRST CAUSE OF ACTION – FLSA VIOLATIONS

48. Defendant reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

49. Section 2017(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

50. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq*.

51. During the entirety of his employment with Defendant, Plaintiff primarily performed non-exempt duties in his position of Construction Drop Manager and, thus, was entitled to overtime premium pay of time and one half for each hour worked in excess of forty (40) hours in a workweek.

52. Defendant violated the FLSA by failing to compensate Plaintiff with overtime premium pay of time and one half for each hour worked in excess of forty (40) hours in a workweek.

53. Defendant's failure to properly and legally compensate Plaintiff for all compensable work performed, including at the correct overtime rate of pay, was willfully perpetrated. Defendant did not act in good faith and with reasonable grounds to believe that its actions and omissions were not a violations of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendant acted reasonably and with good faith in failing to pay overtime premium pay wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

54. As a result of the aforesaid violations of the FLSA's provisions, overtime compensation has been unlawfully withheld from Plaintiff by Defendant.

55. Plaintiff is entitled to damages equal to the mandated minimum wage and/or overtime premium pay within the three (3) years preceding the date of filing of the Complaint, ECF No. 1, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting his claims against Defendant.

56. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## SECOND CAUSE OF ACTION – WWPCL VIOLATIONS

57. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

58. At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

59. At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

60. At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

61. During Plaintiff's employment with Defendant, Plaintiff performed compensable work in workweeks for which he was not compensated at an overtime rate of pay for all hours worked in excess of forty (40) per workweek.

62. Defendant willfully violated the WWPCL by failing to compensate Plaintiff for all hours worked, including at an overtime rate of pay.

63. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of his principal activities without receiving compensation for these activities, including at an overtime rate of pay for all hours worked in excess of forty (40) per workweek.

64. Defendant willfully violated the WWPCL by failing to compensate Plaintiff with previously agreed-upon salary of $58,500.00 and with daily per diems during Plaintiff's employment with Defendant.

65. The foregoing conduct, as alleged above, constitutes willful violations of the WWPCL.

66. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of his unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

67. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing reimbursement for unpaid wages, including but not limited to overtime wages and pre-judgment and post-judgment interest, and for all times spent performing compensable work for which Plaintiff was not properly paid as provided under the FLSA and WWPCL;

2. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute;

3. Grant to Plaintiff liquidated damages against Defendant; and

4. Grant to Plaintiff any other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 26th day of October, 2018

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

**s/** ***Scott S. Luzi***  **_____**
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
Matthew J. Tobin, State Bar No. 1097545

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
mtobin@walcheskeluzi.com